JOSEPH A. STEFCIK, petitioner-respondent,

*v.*

BARBARA E. STEFCIK, defendant-appellant.

[Argued May 18th, 1944. Decided September 14th, 1944.]

Mr. *Meyer M. Semel,* for the petitioner-respondent.

Messrs. *Riker, Marsh & Shipman* (Mr. *Jehiel G. Shipman,* of counsel), for the defendant-appellant.

The opinion of the court was edlivered by

HAGUE, J.

This is an appeal by the wife, defendant below, from a decree of divorce *nisi,* dated October 15th, 1943, on the ground of desertion. The defense was a denial of the desertion and. further, that if there had been a desertion, it had

been condoned because the parties had renewed marital relations within the two-year period after the date on which the desertion was said to have commenced, July 29th, 1940.

The parties lived together as common law man and wife since the year 1933. A child was born to them in 1934. They resided at premises known as 15 Evergreen Street, Newark, New Jersey. The parents of the husband lived in the same house. Part of the time this couple lived with his parents and at other times they lived in the ground floor apartment of the house. For a short interval they lived at Irvington, New Jersey. In 1939, when the wife was in the hospital, she and her husband were ceremonially married. Their married life was not a happy one, due partly to the fact that the couple lived with the husband's relatives, partly to the fact that the husband had to contribute to the support of his parents and did not have sufficient moneys to meet the needs of the wife. He beat her on occasions and they were three times separated. She had him arrested several times and obtained from a Domestic Relations Court an order for the support of the child. She did not seek an order for her own support. After each quarrel, three or four in number, she would leave her husband and return to her parents and the husband would live with his parents. She would stay with her parents for several months at a time and each time the husband called for her and at his solicitation she would return to his parents' home and live with him.

Their final quarrel occurred on a Sunday late in July, 1940, while they were spending that day at Manasquan. The details of this scene are not important. It resulted in both of them being taken into police custody. The next morning the wife went home to her parents and took the child with her. The husband called on her about a week later and she refused to talk to him. In March of 1941 she went to the husband's abode and got her belongings as well as those of the child. The petitioner tried to get her to come back because he was about to be drafted into the army but she refused.

The husband was inducted into our armed forces on June 11th, 1941. Thereafter he sent her money from time to time

and when on furlough from Camp Belvoir, in 1941 and 1942, he wrote to her for an appointment, met her, and they spent the night together in a roadhouse. He admits that he resumed marital relations with her each time they met but claims that he was tricked into it by her promises that she would come back to him and re-establish their home.

The Advisory Master held that resumption of marital relationship under such circumstances does not amount to con- donation; that the husband's consent thereto was obtained by trickery and deceit and does not constitute a defense to her desertion. Wherefore he advised the decree *nisi*, reserving the award of custody of the child and requiring the husband to pay for the support of the child, the amount to be fixed on the presentation of the decree. The support was fixed at $25 a month.

The appellant's grounds of appeal are (1) there was not sufficient evidence to prove a willful, continued and obstinate desertion upon the part of the defendant-appellant; and (2) if any desertion occurred it was condoned by renewal of the marital relations during the two-year period.

1. Were this case to depend upon the first ground of appeal and had the desertion been uninterrupted, we would have no hesitancy in affirming the Advisory Master. The evidence is ample and persuasive that the defendant deserted her husband and that he honestly endeavored to persuade her to return but that she obstinately refused to do so. The testimony of the defendant herself is not to the contrary.

2. But the defense offered, that the parties resumed marital relations before the statutory two-year period of desertion had accrued, was such an interruption of the wife's act of separation or desertion that it broke off the continuity necessary to establish a cause of action for desertion. The resumption of the married state, we think, was voluntary on the part of each of these people. The husband admitted that he called for his wife after he had written to her from the army camp. He admits each and every appointment which appears in the testimony and that on his furlough they registered at different places and lived as man and wife. This was in 1941, after the date of her leaving but before the two-year period had

lapsed. The wife says that she went along with him every time he had asked her; that he would write or telephone her and they would meet and that he would suggest that they remain together overnight and talk things over. This they did, but never were able to reach a satisfactory agreement. She wanted him to make a home for themselves and not to live with his folks. She insisted that she never made any promise to go back and live with him unless he would agree to provide an independent home for her.

We are unable to see any deceit or trickery on the part of the wife in their meetings and the resumption of marital relations. Each time they met and went off together it was at the solicitation of the husband—not the wife. There is no persuasive proof that the wife induced the relationship that amounted to condonation. In each instance he wrote and telephoned to her and it was his idea that they resume the relationship of man and wife. She merely agreed to it. How can it be said that the wife deceived him in this particular? Under our law his conduct amounts to a condonation of the desertion or, strictly speaking, it resulted in a break of the continuity of the desertion for the two-year period. It follows, therefore, that the desertion has not been continuous for the required two-year period. *Tracey* v. *Tracey, 43 Atl. Rep. 713* (not officially reported); *McGovern* v. *McGovern, 111 N. J. Eq. 18; Mikecz* v. *Mikecz, 95 N. J. Eq. 39, 43.*

The decree is reversed.

*For affirmance*—None.

*For reversal*—The Chief-Justice, Parker, Case, Bodine, Donges. Heher, Perskie, Porter, Colie, Dear, Wells, Rafferty. Hague, Thompson, Dill, JJ. 15.